UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA           )
                                   )
v.                                 )          No. 2:15-CR-096
                                   )
DAVID ALLEN DAVIS                  )

**MEMORANDUM AND ORDER**

The defendant pled guilty to three counts of the superseding indictment and will be sentenced on November 10, 2016.  The United States Probation Office has prepared and disclosed a Presentence Investigation Report [doc. 166], to which the defendant filed three objections.  The second and third of these objections have been resolved in the defendant's favor by the probation office [doc. 184], and a revised Presentence Investigation Report (hereinafter, "PSR") has been issued [doc. 183].  The defendant's remaining objection will now be overruled.

I.

*Analysis*

The defendant argues that he is entitled to application of the safety valve.  *See* 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual §§ 5C1.2, 2D1.1(b)(17) (2015). Certain defendants are eligible for a two-level reduction in their offense level if five criteria are met.  *See id.*  At issue in this case is the second of these requirements, *see* 18 U.S.C. § 3553(f)(2); U.S. Sentencing Guidelines Manual § 5C1.2(a)(2), to which the defendant objects that "no weapons or violence were used in the instant offense[.]"

However, the actual (and broader) requirement of the safety valve's second criterion is that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id.* The court must consider not only the defendant's own conduct but also "conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S. Sentencing Guidelines Manual § 5C1.2 cmt. n.4.

Initially, it is again noted that the defendant pled guilty to Count 19 of the superseding indictment, a conspiracy count which charges a violation of 18 U.S.C. § 1513(b)(2). That statute prohibits "knowingly engag[ing] in any conduct and thereby caus[ing] bodily injury to another person or damag[ing] the tangible property of another person, or threaten[ing] to do so, with intent to retaliate against any person for any information relating to the commission or possible commission of a Federal offense . . . given by a person to a law enforcement officer." 18 U.S.C. § 1513(b)(2). Stated differently, the present defendant pled guilty to conspiring to engage in, or threaten to engage in, violent retaliatory conduct related to this case. On the basis of that plea alone, he does not satisfy § 3553(f)(2) and his remaining objection will be overruled.

The defendant's objection is further defeated by his plea agreement. This case is primarily a controlled substance prosecution and the lead named defendant is Gregory Moore ("Moore"). In a recorded jail call, Moore told his codefendant wife Pamela Moore that a person referred to herein as "IV" was "the snitch." [Plea Agreement, doc. 115, ¶ 4(b)]. In a subsequent call, Moore instructed his wife (again referring to IV) to have codefendant Donnie Wallen "beat that n*****'s brains out," "beat the brakes off

2

that mother f***er," and "beat the f*** out of that black n*****." *Id.* ¶ 4(c). The defendant admits that Moore also "told him to tell Wallen that IV 'snitched' on him. The defendant told law enforcement officers that he told Wallen what Greg Moore said about who 'snitched' on him." *Id.* ¶ 4(m).

Pamela Moore met with the defendant, Wallen, and codefendant Kathy Denise Jones to "explain[] what Gregory Moore wanted done to the IV and why." *Id.* ¶ 4(d). "Wallen agreed to take care of the job for Gregory Moore." *Id.*

On August 29, 2015, the defendant and Moore talked about the identity of "the snitch." *Id.* ¶ 4(g). On September 2 and September 11, 2015, defendant updated Pamela Moore regarding Wallen's intentions and IV's whereabouts. *Id.* ¶¶ 4(h), (j)-(k). The defendant replied "yes" when Pamela Moore asked whether he thought Wallen would indeed hurt "the snitch." *Id.* ¶ 4(h). Then, most damningly, the defendant told Pamela Moore, "**Whatever I can do to help** . . . and we talked about that today and 'IV' is disappeared and I can't find him and I don't know but . . . we can't find out by November, we'll find out for sure then." *Id.* (emphasis added).

Again, the defendant has pled guilty to conspiring to cause (or at least threaten to cause) bodily injury to IV in retaliation for "snitching" on this drug distribution ring. The factual basis of the defendant's plea agreement further shows that, at a minimum, he aided and abetted a threat of violence against IV in connection with this case. The court finds that threat to have been credible because the defendant himself obviously considered it credible. As such, the defendant cannot benefit from the safety valve. *See* 18 U.S.C. § 3553(f)(2); U.S. Sentencing Guidelines Manual § 5C1.2(a)(2).

## II.

### *Conclusion*

For the reasons provided herein, the defendant's remaining objection to his PSR is

**OVERRULED**.   Sentencing remains set for November 10, 2016, at 10:45 a.m. in

Greeneville.

**IT IS SO ORDERED.**

ENTER:


                                        s/ Leon Jordan
                                        United States District Judge